```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MOHAMMAD T. ISLAM,

                         Plaintiff,
                                                                    ORDER
            -against-                                               25-CV-3954 (TAM)

HESHAM SAMMEY, EL ZENARY, DR.
AHMED, and RAMY,

                         Defendants.
-----------------------------------------------------------------X
```

**TARYN A. MERKL,** United States Magistrate Judge:

Plaintiff Mohammad T. Islam ("Plaintiff") brings this action *pro se*, along with an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).[1] (Compl., ECF No. 1; Request to Proceed IFP, ECF No. 2.) For the reasons discussed below, Plaintiff's IFP application is denied. In order to proceed with this action, Plaintiff is granted until September 2, 2025, to either file a Long Form IFP application or to pay the $405.00 filing fee.

The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dep't of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, No. 07-CV-1531 (BMC), 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); *Cucco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A plaintiff seeking to proceed IFP must submit an affidavit stating "that [he or she] is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to

---

[1] This action was transferred to this court from the United States District Court for the Southern District of New York. (Transfer Order, ECF No. 4; *see also* Southern District of New York Docket, ECF No. 5.)

proceed IFP if the "allegation of poverty is untrue," and courts in this district often treat that dismissal provision as applicable when a litigant's statement of assets fails to establish the level of poverty required under the IFP statute. 28 U.S.C. § 1915(e)(2)(A); *see, e.g., Miller v. Smith*, No. 21-CV-2949 (JS) (AK), 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901 (RPK) (LB), 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021).

Plaintiff's IFP application does not satisfy the Court that he is unable to pay the filing fee. (*See generally* Request to Proceed IFP, ECF No. 2.) Notably, he asserts that he has $4,000.00 in cash or in a checking or savings account. (*Id.* ¶ 4.) However, he further states that he is unemployed, has no other sources of income, has no monthly expenses, financial obligations, debts, or assets, and is not financially supporting any dependents. (*Id.* ¶¶ 2–3, 5–8.) "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 22-CV-664 (SRU), 2022 WL 2069112, at *2 (D. Conn. May 19, 2022). "Because no one can live on no income and no assets, affidavits asserting that the plaintiff has no income and no assets *without further explanation* must be incomplete and, by extension, fail to support *in forma pauperis* status." *Jones v. ACS/Queens Field Off.*, No. 23-CV-5742 (EK) (LB), 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (emphasis in original) (quotation marks omitted).

If Plaintiff relies on another person for support, he must state this on his application. *Id.* at *2 ("One potential explanation, which 'a court may consider' when 'assessing an application to proceed *in forma pauperis*,' is that the applicant has access to resources 'from those who ordinarily provide the applicant with the necessities of life,

2

such as from a spouse, parent, adult sibling or other next friend.'" (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002))).

## CONCLUSION

Based on the present record, Plaintiff's IFP application is denied. To proceed with this action, Plaintiff is granted until September 15, 2025, to either file a Long Form IFP application or to pay the $405.00 filing fee.

The Clerk of Court is respectfully directed to mail a Long Form IFP application to Plaintiff, along with a copy of this Order, and note the mailing on the docket. All further proceedings shall be stayed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
August 18, 2025

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE